UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY JAMIL FLENAUGH,<br><br>                Plaintiff,<br><br>    v.<br><br>BLOCK INC,<br><br>                Defendant. | Case No. 3:23-cv-05474-TMC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

Before the court is Defendant Block, Inc.'s ("Block's") motion to dismiss pro se Plaintiff Tiffany Flenaugh's first amended complaint. Dkt. 26. Because Ms. Flenaugh has not shown that the amount in controversy is enough for this Court to have jurisdiction over her claims, the Court must dismiss her complaint. In doing so, the Court expresses no opinion on the merits of Ms. Flenaugh's claims or whether she may bring them in state rather than federal court. If Ms. Flenaugh chooses, she may amend her complaint within 14 days from the date of this order to establish a basis for the Court's subject matter jurisdiction. If she does not amend her complaint, the Court will dismiss her case without prejudice.

## I. PROCEDURAL BACKGROUND

Ms. Flenaugh filed this case on May 25, 2023. Dkt. 1. The Court granted her motion to proceed *in forma pauperis* on June 5, 2023, and her complaint was docketed the same day.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

Dkt. 4, 5. Ms. Flenaugh amended her complaint on August 1, 2023. Dkt. 14. On October 19, 2023, Block moved to dismiss the case for lack of subject matter jurisdiction, among other arguments. Dkt. 26 at 6–9. Ms. Flenaugh responded on November 2, 2023, Dkt. 36, and Block replied on November 17, 2023. Dkt. 37.

## II.    STATEMENT OF FACTS

Ms. Flenaugh's initial and amended complaints state that this Court has jurisdiction over her case under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy is more than $75,000. Dkt. 14 at 3, 5; *see also* Dkt. 5 at 3. Ms. Flenaugh alleges she is a resident of Pierce County, Washington, and Block is a resident of California. *See* Dkt. 14, 28-1. Ms. Flenaugh's initial complaint asserts that the amount in controversy is $800,000 and her amended complaint claims $18,000,000 as the "amount demand[ed]." Dkt. 5 at 5; Dkt. 14 at 5.

This case arose out of Ms. Flenaugh's inability to recover funds from her Cash App account, operated by Block. Dkt. 14 at 5–7; Dkt. 26 at 3. Ms. Flenaugh asserts that on October 11, 2019, her cousin transferred funds into her Cash App account. Dkt. 14 at 6. She states that she was then incarcerated between November 19, 2019 and October 7, 2021, and upon release was unable to access the funds despite her efforts between October 2021 and most recently on April 11, 2023. *Id*. Ms. Flenaugh's complaint does not specify the value of the funds or provide documentation of the amount claimed. *See id*. Although Ms. Flenaugh's complaint does not identify the specific legal basis for her claims, liberally construed, Ms. Flenaugh alleges that Block has refused to return or help Ms. Flenaugh access money that belongs to her and in doing so "has scammed [Ms. Flenaugh] out of [her] money." Dkt. 14 at 7.

Block has stated via sworn declaration that on October 11, 2019, Ms. Flenaugh received a payment of $110 to her Cash App account. Dkt. 27 at 2. Block asserts in its motion to dismiss

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 2

that these $110 are the funds Ms. Flenaugh has attempted to access since October 2019 and is the amount in dispute—not the $18,000,000 claimed by Ms. Flenaugh. Dkt. 26 at 3. Ms. Flenaugh does not dispute in her response that the funds in her Cash App account totaled $110 but rather argues this is not the amount in controversy for jurisdictional purposes because she also suffered emotional damage. *See* Dkt. 36 at 2.

### III. DISCUSSION

#### A. Federal courts have limited jurisdiction.

Federal courts are "courts of limited jurisdiction" and possess "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). In other words, this Court is only allowed to hear certain types of cases that meet the jurisdictional requirements of federal law. Before addressing the merits of a dispute, a federal court must determine if it has subject matter jurisdiction, and it must dismiss the action if it lacks jurisdiction. *Homesite Ins. Co. of the Midwest v. Howell*, No. 2:21-CV-01389-JHC, 2022 WL 4315699, at *1 (W.D. Wash. Sept. 19, 2022).

The diversity jurisdiction statute, 28 U.S.C. § 1332(a), allows district courts subject matter jurisdiction over all civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000. The "sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *see also Crum v. Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). However, if "from the face of the pleadings, it is apparent [. . .] that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied [. . .] that the plaintiff never was entitled to recover that amount [. . .] the suit will be dismissed." *St. Paul Mercury*, 303 U.S. at 289.

When the amount in controversy is challenged, the burden of proof lies with the party seeking exercise of the court's jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 3

U.S. 178, 189 (1936); *see also Bank of Am., N.A. v. Remington Place Homeowners' Ass'n*, 836 F. App'x 580, 581 (9th Cir. 2021). Jurisdiction can be challenged either "facially" or "factually." In a facial challenge, the challenger asserts that the allegations in a complaint are themselves insufficient for federal jurisdiction. In a factual challenge, the challenger instead disputes the *truth* of the allegations. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If there is a factual challenge to jurisdiction, courts may "review evidence beyond the complaint" and "need not presume the truthfulness of the plaintiff's allegations." *Id.* "The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926) (citing *Norton v. Larney*, 266 U.S. 511, 515–16 (1925); *see also Perez-Sanchez v. Sumitomo Rubber Indus. LTD.*, No. 218CV1278JCMVCF, 2019 WL 251857, at *2 (D. Nev. Jan. 17, 2019).

      **B.**      **The Court lacks subject matter jurisdiction over Ms. Flenaugh's case because she has not shown the amount in controversy is more than $75,000.**

Block's motion to dismiss argues that the Court lacks subject matter jurisdiction because Ms. Flenaugh has not shown the amount in controversy is more than $75,000. Dkt. 26 at 6–9. The Court must evaluate the jurisdictional question first before reaching any other arguments. *Exxon*, 545 U.S. at 552; *Homesite Ins. Co.*, 2022 WL 4315699, at *1.

Block contends that the amount in controversy is less than $75,000 and is instead $110 and therefore makes a factual challenge to Ms. Flenaugh's jurisdictional claim. Dkt. 26; Dkt. 27 at 2. Block asserts that Ms. Flenaugh's bare demand for $18,000,000 is not a good faith claim of the amount in controversy. Dkt. 26 at 8. The Court agrees with Block. Ms. Flenaugh did not provide in her original or amended complaint the value of the funds she claims she is unable to

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 4

access and only provided an unsupported demand for $18,000,000 as the amount in controversy. *See* Dkt. 5, 14. And, once Ms. Flenaugh's claimed amount in controversy was challenged by Block's motion to dismiss, she did not dispute that $110 was the amount of the missing funds. Instead, Ms. Flenaugh's opposition argues that "as a result of Cash App's inability to efficiently assist in the recovery of Plaintiffs [*sic*] account she has suffered from depression and anxiety," but neither her opposition nor her complaint, even liberally construed, contains any legal claim under which she could recover emotional distress damages. *See, e.g., Repin v. State*, 392 P.3d 1174, 1180 (Wash. App. 2017) ("In general, parties cannot recover noneconomic, emotional disturbance damages for breach of contract."); *Washington State Physicians Ins. Exchange & Ass'n v. Fisons Corp.*, 858 P.2d 1054, 1064 (Wash. 1993) (damages for pain and suffering are not compensable under Washington's Consumer Protection Act); Dkt. 36 at 2.[1]

When the amount in controversy is challenged, the burden of proof lies with the party seeking exercise of the court's jurisdiction. *McNutt*, 298 U.S. at 189. Because Block has made a factual challenge to Ms. Flenaugh's jurisdictional claim, the Court looks beyond just Ms. Flenaugh's complaint to assess her assertions. *Safe Air*, 373 F.3d at 1039. Here, Ms. Flenaugh seeks the Court's jurisdiction but has not provided any evidence or plausible factual allegations that the amount in controversy is more than $75,000, and Block has provided a sworn declaration that the funds in Ms. Flenaugh's Cash App account total $110. Dkt. 27. Accordingly, the Court finds that Ms. Flenaugh's unsupported demand for $18,000,000 is not a good faith estimate of her claim, *see St. Paul Mercury Indem. Co.*, 303 U.S. at 288, and any

---

[1] The Court declines to address Block's argument that the limitation of liability contained within its Cash App Terms of Service limits Ms. Flenaugh's potential recovery such that it is a legal certainty that the amount in controversy requirement cannot be met. *See* Dkt. 26 at 7–9. This argument presumes the validity of the limitation of liability clause under the applicable state law, a question Block has not sufficiently briefed.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 5

additional amount due from her alleged emotional harm is not recoverable on the legal claims that might reasonably be construed from her complaint. *See* Dkt. 5, 14, 36. So, while Ms. Flenaugh and Block are indeed citizens of different states, Ms. Flenaugh has not shown the amount in controversy is sufficient for this Court to exercise jurisdiction under 28 U.S.C. § 1332, and the Court is required to dismiss her case without evaluating the merits of her claims.

### C. The Court will grant Ms. Flenaugh leave to amend.

"[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). "A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (internal quotation marks and citation omitted). This order is the first notice to Ms. Flenaugh from the Court of the jurisdictional deficiencies in her complaint. Although it appears unlikely, it is not "absolutely clear" to the Court that Ms. Flenaugh could not amend her complaint to add additional facts or legal theories that could establish a basis for the Court's subject matter jurisdiction. The Court will therefore allow Ms. Flenaugh 14 days to file a second amended complaint. If Ms. Flenaugh amends her complaint but fails to allege sufficient facts or causes of action to invoke the Court's subject matter jurisdiction, Block can renew its motion. If Ms. Flenaugh does not amend her complaint within 14 days, the Court will dismiss this case without prejudice for lack of subject matter jurisdiction, and Ms. Flenaugh can instead refile her claims in state court if she so chooses.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Block's motion to dismiss Plaintiff's first amended complaint (Dkt. 26). The Court further GRANTS Ms. Flenaugh 14 days to file a second

amended complaint. If Ms. Flenaugh does not file an amended complaint within 14 days, the Court will dismiss this case without prejudice for lack of subject matter jurisdiction.

Because at this stage, the Court concludes it does not have subject matter jurisdiction over Ms. Flenaugh's claims, the Court also DENIES Ms. Flenaugh's pending motion for a temporary restraining order (Dkt. 39) without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 6th day of December, 2023.

Tiffany M. Cartwright
United States District Court Judge